IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

EVEANN METELUS,

                Plaintiff,

v.

JPMORGAN CHASE & CO.
AND MARNI CHUA (individually),

                Defendants.

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

---

Plaintiff, Eveann Metelus, through her counsel, Derek Smith Law Group, PLLC., hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), 42 U.S.C. § 1981, the New York State Executive Law, the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. seq. ("NYCHRL"), and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to race discrimination, hostile work environment, retaliation, wrongful discharge, and constructive discharge.

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Venue is proper in this District based upon Defendants' residency and principal place of business within Kings County, State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

4. On June 17, 2014, Plaintiff filed a Charge with the EEOC.

5. On December 4, 2014, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative requirements and timely filed this lawsuit.

## PARTIES

7. Plaintiff is an African American female living in a State of New York.

8. At all times material Defendant JPMorgan Chase & Co. (herein "Chase") is a foreign business corporation doing business in the State of New York.

9. At all times material, Plaintiff worked for Defendant Chase.

10. At all times material, Defendant Marni Chua was Defendant Chase's employee supervisor.

11. At all times material, Defendant Marni Chua was Plaintiff's supervisor.

## FACTS

12. Plaintiff began her employment with Defendant Chase in 2007.

13. Defendant Chase initially hired Plaintiff as a bank teller.

14. After a short time, Plaintiff's manager, Luigi Serrone, started training Plaintiff for an Assistant Branch Manager role or personal banker due to her success in sales.

15. Plaintiff received high evaluations and praise from Defendant Chase customers.

16. In 2011, Plaintiff earned another title and started training to become a small business specialist.

17. In 2012, Defendant Chua became Defendant Chase's District Manager.

18. In this role Defendant Chua supervised Plaintiff.

19. In 2012, Plaintiff complained about the work product of a fellow banker named Stephano Catalino.

20. Plaintiff's complaint reached Defendant Chua who responded to Plaintiff, "Do not discuss such matters with me."

21. Plaintiff's co-worker Stephano Catalino continued to display the same level of unprofessional behavior and Plaintiff decided that she would send his customers elsewhere to receive better service.

22. Defendant Chua threatened Plaintiff with termination for using another financial advisor other than Mr. Catalino.

23. At this time Plaintiff had two African American direct supervisors: Ingrid Providence and Kim Vidal.

24. Defendant Chua terminated Ms. Providence and remarked to Plaintiff "**That will be your fate.**"

25. Throughout 2012, Defendant Chua ignored Plaintiff's positive work efforts.

26. At the end of 2012 and early 2013, Plaintiff trained for a branch manager role.

27. In 2013, Defendant Chua and Plaintiff held one on one meetings.

28. During these meetings Defendant Chua remarked that Plaintiff was "**The wrong color for a branch manager role.**"

29. Defendant Chua stated that Plaintiff was "**Not right for the company.**"

30. Defendant Chua consistently told Plaintiff she was not "**good enough.**"

31. In fear of seeing Defendant Chua, Plaintiff dreaded coming to work.

32. At a career meeting in October 2013, Plaintiff and another African American co-worker were told by Defendant Chua that the meeting "Was not for them" and "What are you doing here?"

33. During the event, Defendant Chua only socialized with the Caucasian and Asian attendees of the meeting.

34. In January of 2014, Defendant Chase advertised a Manager on Duty (MOD) position.

35. Plaintiff emailed Defendant Chua regarding her interest in the position.

36. Defendant Chua ignored Plaintiff's emails.

37. Undeterred, Plaintiff spoke directly to Defendant Chua regarding her interest in the position.

38. Defendant Chua looked Plaintiff in the face and told her "**Eveann, I will never promote you because you are not the right color for this job.**"

39. In disbelief Plaintiff asked Defendant Chua to repeat what she meant by her statement.

40. Defendant Chua affirmed that she did not believe Plaintiff was the "**right color**" for the role.

41. At this point Plaintiff contacted Defendant Chase's Human Resources and made a complaint regarding discrimination and harassment by Defendant Chua.

42. Plaintiff brought her complaint to the attention of Defendant Chua supervisor Maryann Arcaro.

43. Around this time Plaintiff had a new manager at the branch named Jason Bruno.

44. Plaintiff trained for nearly a year and half for the same position as Mr. Bruno.

45. When Plaintiff asked Mr. Bruno if he knew Plaintiff trained for the same position he now held he replied that he was unaware and that he would speak to Defendant Chua.

46. Defendants terminated Plaintiff on May 19, 2014.

47. Plaintiff came to work on May 19, 2014, and found that she could not access any computers.

48. With a line of waiting customers Plaintiff called Defendant Chase's banker support and discovered Defendants terminated her employment.

49. Defendants humiliated Plaintiff in front of her colleagues and customers and sent Plaintiff home.

50. Plaintiff's employment file did not contain any discipline at this time.

51. On May 22, 2014, Defendant Chase's Human Resources employee told Plaintiff that she was wrongfully terminated and to return to work.

52. Around this time, Plaintiff held another meeting with Human Resources and explained again in great detail the direct discrimination and harassment she experienced under the supervision of Defendant Chua.

53. During the meeting Plaintiff expressed her fear of retaliation by Defendant Chua and asked to be moved to another bank district.

54. On May 28, 2014, Plaintiff and Defendant Chua had a one on one meeting.

55. During the meeting Defendant Chua stated that Plaintiff was not wrongfully terminated and that Defendant Chua would **get the Plaintiff "out of the company."**

56. Defendant Chua repeated her statement that Plaintiff was not the **"right color for the company."**

57. After hearing such direct language regarding removing the Plaintiff from the company and forced with the prospect of continuing to work for a supervisor that held clear racial animus, Plaintiff was forced to resign.

58. Due to the intentional discrimination and during her employment with Defendants, Plaintiff received therapy through Defendant Chase's Employee Assistance Program (EAP).

59. Plaintiff is currently still in counseling as a result of the stress caused by Defendants.

60. Plaintiff was and is suffering extreme levels of mental stress.

61. Plaintiff is experiencing severe anxiety and depression due to the discriminatory, unprofessional, degrading, condescending and hostile treatment towards Plaintiff by Defendants.

62. Defendants' actions were and are intended to create a hostile work environment that no reasonable person would tolerate.

63. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendant. Plaintiff seeks reinstatement, back pay, front pay, all lost wages and earning capacity, punitive damages, damages for emotional distress, and attorney's fees.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

6

66. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her race.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

69. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice:
"(a) For an employer or licensing agency, because of the age, race, creed, color, national

7

origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

72. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race.

73. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

76. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

77. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

79. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

### AS A SIXTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

82. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's race and hostile work environment.

83. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

84. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

85. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

86. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

87. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

88. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

89. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A NINTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE
### NEW YORK CITY ADMINISTRATIVE CODE SUPERVISORY LIABILITY

90. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

91. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    i. the employee or agent exercised managerial or supervisory responsibility; or

    ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    iii.    the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

92. Defendants violated the above section as set forth herein.

## AS A TENTH CAUSE OF ACTION DISCRIMINATION UNDER 42 U.S.C. § 1981

93. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

94. Defendants discriminated against Plaintiff by denying her the same rights as enjoyed by Caucasian employees with regard to the making, performance and/or modification of her employment of all benefits, privileges, terms and conditions of that relationship in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

95. Defendants conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff under the law.

96. By virtue of Defendants' conduct as alleged herein, Plaintiff suffered injuries.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant judgment as follows:

1. An award equal to the value of the wages and benefits lost as a result of the intentional discrimination, in an amount to be determined at trial;

2. An award for any and all compensatory, punitive, and economic loss in an amount to be determined at trial;

3. The costs of the action as well as Plaintiff's attorney's fees to the fullest extent permitted by law;

4. Pre and post-judgment interest; and

5. Such other and further relief as this Court may deem just and proper.

Dated: March 2, 2015
New York, N.Y.

_____
johnclukejr@newyorkcityemploymentlaw.com
Derek Smith Law Group, PLLC
30 Broad Street, 35th Floor
New York, New York 10004
Tel. (212) 587-0760
Attorneys for *Plaintiff*